# ANGELA ARNAU O'KELLY

### v.

# CESAR ESPAÑOL URGAL.

---

San Juan, Law, No. 671.

1. The old Spanish system of carrying on criminal prosecutions and a civil suit for damages at the same time has been completely abolished in Porto Rico. Espino v. Martinez, 3 Porto Rico Fed. Rep. 59 approved.
2. Section 192 of the Civil Code of 1902 of Porto Rico does not preserve the Spanish system of carrying on a criminal prosecution and a civil suit for damages jointly, and the only effect such section has is to give a single woman or a widow a separate civil action for the crime of rape perpetrated upon her.
3. A complaint in a civil suit for damages for a rape committed upon her, brought by an eighteen-year-old girl, suing through her brother and next friend, which does not allege that the defendant has been prosecuted and convicted of the crime, is good on demurrer.

Opinion filed January 8, 1910.

---

*Messrs. Sweet & Wilcox,* for the plaintiff.

*Mr. Miguel Guerra,* for the defendant.

RODEY, Judge, delivered the following opinion:

The issue in this case is raised by a general demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

O'Kelly v. Urgal.

It appears that plaintiff is a girl about eighteen years of age, who sues by her brother and next friend, her parents being dead. She is alleged to be a citizen and resident of Porto Rico, and the defendant is alleged to be a subject of the King of Spain, but that he is now residing at Toa-Baja in Porto Rico. Plaintiff alleges in substance that on or about July 15th, 1908, while temporarily stopping at the defendant's home, the latter perpetrated upon her the crime of rape, and that he accomplished his purpose without her consent, and against her will, by the use of narcotics and by physical force; that in consequence her character is ruined, etc., and that she had previously led a pure and blameless life. It is further alleged that the shock consequent upon this ruin of plaintiff resulted in the death of her mother, and in consequence she has been deprived of the society and protection of her mother, etc. No point, however, is made in the demurrer as to the remoteness of this item of damage. The damages claimed are laid at the sum of $15,000.

Full oral argument was had, and thereafter counsel for defendant filed an extensive written argument and brief.

The main contention of defendant is that the complaint does not allege that defendant has been convicted or found guilty of the crime of rape, and that, under the Code of Porto Rico, he is exempt from a civil suit for damages until that has been done. It was stated during the argument that defendant was, in fact, prosecuted and convicted in an insular court of the crime of rape against plaintiff, but that he had taken an appeal to the supreme court of the island, and that hence there is at this time no final judgment or conviction against him in that regard.

The issue is a peculiar one. As fully set forth in our opinion in Espino v. Martinez, 3 Porto Rico Fed. Rep. 59 and in

O'Kelly v. Urgal.

Buzo v. San Juan Light & Transit Co. 4 Porto Rico Fed. Rep. 525, it unquestionably was the law during Spanish days in Porto Rico, and perhaps previous to the adoption of the revision of the several codes of the island in 1902, that in cases of injuries to person or character that also involved a crime, no civil suit for damages could be prosecuted by the injured person, save in conjunction with, and as an incident of the criminal prosecution, or unless the right to bring such a suit thereafter was specifically reserved at the time of the criminal trial; and in no event could a civil suit go to judgment if the defendant was acquitted of the crime.

It is quite hard to understand what is meant by the omission, in the Porto Rican Civil Code of 1902, of §§ 107 to 112, inclusive, of the Spanish Code of Criminal Procedure of 1883, for Cuba and Porto Rico, which provided for this joint civil and criminal prosecution, unless it was thereby intended, as it certainly ought to have been, that thereafter in Porto Rico, under the American government, the former procedure of prosecuting criminal and civil actions together was forever abolished.

However, in the revision of the Spanish Civil Code that was adopted by the people of Porto Rico in 1902, in chap. 3 thereof, relating to illegitimate children, it is provided in § 192: "That in cases of violence, rape, or ravishment, the party guilty of either of these crimes shall incur the responsibility of indemnifying the offended person in the following manner: (1) Shall indemnify the offended person if she be single or a widow. (2) Shall recognize the offspring, if any."

Section 1056 of this same Civil Code of Porto Rico of 1902 provides that "obligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions, or by those in which any kind of fault or negligence occurs."

O'Kelly v. Urgal.

Section 1057 reads as follows: "Obligations arising from law are not presumed. Those expressly determined in this Code, or in special laws, are the only demandable ones, and they shall be governed by the provisions of the laws which may have established them, and by those of this book in regard to what has not been prescribed by said laws."

Section 1059 provides that "civil obligations arising from crimes or misdemeanors shall be governed by the provisions of the Penal Code."

Two years after the adoption of the revision, and on March 10, 1904 (Sess. Laws, p. 59), the closing words of this latter section, "the Penal Code," were changed to read "this Code." This was evidently done to entirely separate the criminal prosecution from the civil suit for damages.

Counsel for defendant contends that §§ 1803 and 1804 of the same Civil Code of Porto Rico of 1902, which are generally known as the "fault and negligence" damage sections, have no application to a case involving a crime, and he further contends that because § 192 of the present Civil Code, as aforesaid, refers to the party guilty, etc., the rule of the former Spanish Code that a civil suit does not lie until after conviction of the crime is as to this particular sort of a case still the law in Porto Rico.

As stated in our opinion in Espino v. Martinez, supra, the courts, both in the states of the Union and in England, in former times were much at variance as to whether criminal acts *malum in se,* and that include a trespass or other private injury were merged and drowned in the public wrong, where a felony had been committed, and as to whether any cause of action ever arose civilly therefor. See 1 Cyc. Law & Proc. p. 681; 13 id., p. 118; 33 id., p. 152.

O'Kelly v. Urgal.

It has appealed to us as strange, if it can be held that in Porto Rico, which in 1904 adopted a complete American Code of Civil Procedure, § 58 of which provides that an unmarried female may prosecute as plaintiff an action for her own seduction, affords no civil remedy in such a case as this for the greater offense of rape unless the perpetrator has first been convicted of the crime. In practically every state of the Union a person who is assaulted may bring an action for the battery, independent of any prosecution, or conviction, or acquittal of the defendant for the breach of the peace. Furthermore, in every state of the Union that has abolished the common-law rule of personal actions dying with the person; the fact that a defendant, who has caused a death, has been acquitted of the crime does not prevent the heirs or personal representatives of the deceased from bringing a civil action to recover damages for the death. It is stated by the text-writers that the reason of this is because the felony must be proved against the defendant beyond a reasonable doubt, while civil damages may be recovered on a mere preponderance of the evidence. The weight of authority appears to be that double jeopardy does not arise because of such rule.

Counsel for defendant sets out the Spanish text of § 192 aforesaid, and then his own translation of it, and contends that the English text, supra, is not correct. We are inclined to agree with him in this, and that the actual words of the Spanish text "el reo sentenciado" ordinarily should be translated "the party or culprit sentenced." But, notwithstanding this, we cannot agree with his further contention that this plaintiff has no remedy until after the final conviction of this defendant for the crime. Courts must look at the intent of the law, and from

O'Kelly v. Urgal.

what we have said above it is manifest that the legislative assembly of Porto Rico, when they adopted the Civil Code of 1902, intended to and did probably forever abolish the Spanish system of joint prosecutions of criminal actions involving civil damages.

The first subhead of § 192 provides that the person perpetrating the outrage shall indemnify the offended person if she be single or a widow. Therefore, what can have been the object of leaving the section in question in the revision of the Civil Code at all, unless to render defendants liable civilly for such illicit acts, and this independent of the criminal liability? What was the need of changing the words in § 1059, so as to make civil obligations arising from crimes or misdemeanors subject to the provisions of the Civil Code rather than the Penal Code, unless it was intended to give a separate civil action to a plaintiff for injuries resulting from crimes, independent of whether the defendant is or is not convicted of the crime? We admit, of course, that on the trial of the civil action the defendant will have a right to show that he is not guilty of the crime, and that this will be a complete defense to the action, but the question as to the degree of proof required in this regard we will leave to be settled when it arises on the trial. Therefore, we are constrained to overrule the demurrer, and an order to that effect will be entered.